UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                      Chapter 11

**JOHN R ESOBIO AND**
**MELISSA M ESOBIO**        Case No: 8:13-bk-00721-MGW

_____Debtor(s)._____/

## AMENDED AGREED ORDER GRANTING MOTION TO DETERMINE SECURED STATUS OF WELLS FARGO BANK, N.A.
### (3611 Danny Bryan Blvd., Tampa, FL 33619-1260)

THIS CASE came before the Court on July 10, 2013 at 10:00 a.m. on the Debtor's Motion to Value and Determine Secured Status of lien on real property (Doc No. 52) and Response to Motion to Value (Doc No. 77) filed by Wells Fargo Bank, N.A ("Well"). Based on the stipulation of the parties the Court has determined that the Motion should be granted to the extent provided in the Stipulation.

Accordingly, it is

    ORDERED:

    1. The mortgage on Real Property held by Wells recorded on May 8, 2008, at Book 18621, Page 1397, Instrument No. 2008165635 of the official records of Hillsborough County, Florida has an allowed secured claim, in the amount of $37,916.00 plus 5.25% interest rate for a total payment of $54,863.69, with no balloon payment.

    2. The remaining balance of Wells' claim 22-1 on account of the note and mortgage with respect to the Property shall be deemed to be an allowed general unsecured claim.

    3. The total of all claims secured by liens on the Real Property senior to the lien of Wells is $0.00

4. The real property may not be sold or refinanced without proper notice and further order of the Court.

5. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtor receives a Discharge in this Chapter 11 case.

6. If the Debtor's case is dismissed or converted to any other chapter, the valuation will be void and the loan will revert back to the original terms of the note and mortgage as if this bankruptcy had never been filed.

7. Additionally, Wells is to receive reimbursement from the Debtor of $1,151.90 at 0.00% for the post-petition tax advance made by Wells as a separate secured payment. Payment shall be paid at $191.98 for months one (1) through five (5) and $192.00 for month six (6). Payments will commence no later than 60 days from the entry of this Order.

8. The account will remain escrowed and the escrow payment of $94.22 will be paid in the plan along with the regular monthly payment. Escrow amounts are subject to change.

9. The Debtor shall be in default under this order if Debtor fails to make any payment due hereunder on the due date or fails to repay any post-petition advances and does not cure such default within fourteen (14) days after creditor provides Debtor, Debtor's counsel or an agent of Debtor's counsel, with written notice of the failure to make the payment due ("Default"). A Notice of default shall be done in accordance with the local rules.

10. In the event of a default, the Court shall grant Wells *in rem* relief from stay to exercise its rights with respect to the Collateral without further notice or hearing.

**DONE and ORDERED** in Chambers at Tampa, Florida, on _8-22-13_.

MICHAEL G. WILLIAMSON

United States Bankruptcy Judge

Attorney Leon A. Williamson, Jr. is ordered to serve this order on interested parties and file a certificate of service within 3 days from the date of this order.