UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

                                                       Chapter 11

John R. Escobio and Melissa M. Escobio,     Case No.: 8:13-bk-00721-MGW

         Debtors.
_____/

**ORDER CONFIRMING DEBTORS'**
**CHAPTER 11 PLAN OF REORGANIZATION**

This case came before the Court for hearing on October 2, 2013 at 10:00 a.m. (the "Confirmation Hearing"), to consider final approval of the *Debtors' Disclosure Statement* in Connection with Plan of Reorganization of John R. Escobio and Melissa M. Escobio (Doc. No. 64) (the "Disclosure Statement") and to consider confirmation of the *Debtors' Amended Plan of Reorganization* (Doc. No. 171) (the "Plan"), which were filed by John R. Escobio and Melissa M. Escobio (the "Debtor"). The Court has considered (i) *the Disclosure Statement and the Plan*, (ii) *the Debtors' Declaration in Support of Confirmation* (Doc. No. 172), (iii) the entire Court record in the case, and (iv) the testimony, arguments, and proffers of counsel made at the Confirmation Hearing. Accordingly, for the reasons announced orally and recorded in open court that shall constitute this Court's decision, the Court has concluded that (1) the Disclosure Statement provides "adequate information" and otherwise satisfies all of the requirements of Section 1125 of the Bankruptcy Code and should be approved, and (2) the Plan has been proposed in good faith and meets all of the requirements of the Bankruptcy Code, including Sections 1123, 1126, and 1129 and, as amended and/or clarified by this Order should be confirmed. Therefore, it is:

**ORDERED, ADJUDGED** and **DECREED** as follows:

1. The Court has entered a separate Order that the Disclosure Statement complies with Section 1125 and all other applicable provisions of the Bankruptcy Code, and the Disclosure Statement is hereby APPROVED as containing adequate information (as defined by Section 1125(a) of the Bankruptcy Code).

2. The Debtors' Plan, as amended by this Order, is hereby CONFIRMED.

3. The treatment afforded to the holder of the Class 13 Secured Claim shall be amended to provide that the Debtors shall pay real property taxes and insurance on the subject real property directly, and NOT through an escrow account with the holder of this Claim. There shall be no escrow payments made by the Debtors to the holder of this Claim. Except as amended herein, the treatment afforded to the holder of the Class 13 Claim shall remain as provided in the Plan.

4. The Court has entered a separate *Order Granting Debtors' Motion for Section 1129(b) Treatment of Non-Accepting Class 8* (Doc. No. 176) pursuant to 11 U.S.C. § 1129(b) with regard to the Class 8 Secured Claim of HSBC Bank, USA.

5. The Court has entered a separate *Order Granting Debtors' Motion for Section 1129(b) Treatment of Non-Accepting Class 10* (Doc. No. 177) pursuant to 11 U.S.C. § 1129(b) with regard to the Class 10 Secured Claim of Aurora Loan Services, LLC.

6. The Court has entered a separate *Order Granting Debtors' Motion for Section 1129(b) Treatment of Non-Accepting Class 12* (Doc. No. 178) pursuant to 11 U.S.C. § 1129(b) with regard to the Class 8 Secured Claim of One West Bank, FSB.

7. The Objection to Plan filed by Regions Bank, d/b/a Regions Mortgage (Doc. No. 104) has been resolved by stipulation of the parties and amendment to the Plan, and is therefore overruled as moot.

8. The Objection to Plan filed by Regions Bank, d/b/a Regions Mortgage (Doc. No. 105) has been resolved by stipulation of the parties and amendment to the Plan, and is therefore overruled as moot.

9. The Objection to Plan filed by JP Morgan Chase Bank, N.A. ("Chase") (Doc. No. 106) has been resolved by a stipulation by the Debtor that Chase will have an allowed unsecured claim in this case in an amount to be agreed by the Debtor and Chase or absent such stipulation, as determined by the Court. This objection ~~and~~ is therefore overruled as moot. The real property which secures this claim is not property of this bankruptcy estate, and therefore there is no automatic stay with respect to the right of Chase to enforce to enforce in rem rights with respect to this real property.

10. The Objection to Plan filed by United States Trustee (Doc. No. 107) was withdrawn in open court and is therefore overruled as moot.

11. The Debtor's Motion to Determine Secured Status of Regions Bank, d/b/a Regions Mortgage ("Regions") (Doc. No. 49) and Regions Bank's Objection thereto (Doc. No. 84) have been resolved by stipulation of the parties, which stipulation has been incorporated into the Plan by amendment. This Motion and Objection related to the Class 3 Secured Claim of Regions. Therefore, this Motion is Granted and this Objection is overruled to the extent provided for with respect to value of the subject property as provided for in Article 4.3 of the Plan.

12. The Debtor's Motion to Determine Secured Status of Regions Bank, d/b/a Regions Mortgage ("Regions") (Doc. No. 53) and Regions Bank's Objection thereto (Doc. No. 85) have been resolved by stipulation of the parties, which stipulation has been incorporated into the Plan by amendment. This Motion and Objection related to the Class 7 Secured Claim of Regions.

Therefore, this Motion is Granted and this Objection is overruled to the extent provided for with respect to value of the subject property as provided for in Article 4.7 of the Plan.

13. The transactions described in the Plan and in this Order are in furtherance of or in connection with the Debtor's Plan and its reorganization efforts. As such, to the fullest extent permissible under Section 1146(a) of the Bankruptcy Code, the transactions contemplated in the Plan and this Confirmation Order, and any deeds, bills of sale or assignments, notes, mortgages, or other documents executed in connection with the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, or other similar or governmental assessment.

14. The conditions precedent to the occurrence of the Effective Date and Plan consummation, as provided under the Plan, have either occurred or have been waived.

15. The Reorganized Debtor is hereby authorized and directed to take all such actions as may be necessary to effectuate and implement the Plan and this Confirmation Order, including, without limitation, the execution and delivery of all instruments of transfer, loan documents, security agreements, and other documents or agreements (and any amendments, supplements or modifications to any of the foregoing) as may be appropriate or necessary to consummate the transactions contemplated by the Plan and this Confirmation Order.

16. The Reorganized Debtor is responsible for making distributions from the Plan Fund(s) as contemplated under the Plan.

17. Except as expressly provided in the Plan, neither a vote to accept the Plan by any Creditor nor the entry of this Order will result in the waiver or release of any of the causes of action against such Creditor. Confirmation of the Plan and entry of this Confirmation Order is not

intended to and shall not be deemed to have any *res judicata* or other effect which would preclude or inhibit prosecution of such causes of action following Confirmation of the Plan.

18. On the Effective Date, the sole and exclusive right and remedy available to Creditors in respect of their Claims against the Reorganized Debtor shall be the entitlement, in accordance with the Plan, to assert Claims solely and exclusively against the Plan Funds, except as otherwise specifically provided by the Plan or this Confirmation Order. The entry of this Confirmation Order and the Distributions contemplated by the Plan will act as full and complete settlement of all Claims, Debts, Liabilities, and/or interests arising from, relating to or in connection with Claims against the Debtor.

19. All rights of Holders of Claims of all Classes under the Plan, including, without limitation, the right to receive Distributions on account of such Claims, hereafter shall be limited solely to the right to receive such Distributions exclusively according to the Plan, the provisions of which shall be binding on such Holders to the fullest extent provided by Section 1141(a) of the Bankruptcy Code. After the date hereof, the Holders of such Claims shall have no further rights against the Debtor or Reorganized Debtor, or the assets of the Debtor except as expressly provided in the Plan. Upon payment to unsecured creditors as provided in the Plan, the Court shall grant a discharge to these individual debtors under 11 USC 1141(d)(5)(A).

20. The Plan and its provisions shall be and hereby are binding upon the Debtor, the Debtor's Estate, Reorganized Debtor, all Creditors and all Equity Holders of the Debtor (whether or not the Claim or Equity Interest of such Creditors or equity security holders is impaired under the Plan and whether or not such Creditors or equity security holders have accepted the Plan), all parties to any executory contract or unexpired lease of the Debtor, all other parties-in-interest, and the respective successors and assigns of each of the foregoing.

21. Any executory contract or unexpired lease that has not been expressly rejected or assumed by the Debtor with this Court's approval on or prior to the Effective Date shall be deemed rejected by the Debtor, unless there is pending before this Court on the Effective Date a motion to reject such executory contract or unexpired lease as contemplated in the Plan. Any such rejection will be deemed to have occurred as of the date of the entry of this Confirmation Order, and this Confirmation Order shall constitute an order of this Court approving the rejection of each such executory contract and unexpired lease, pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code.

22. All settlements, agreements and compromises provided for under the Plan, and all transactions, Plan Documents, instruments, and other agreements referred to therein, contemplated thereunder or executed and delivered therewith, and any amendments or modifications thereto in substantial conformity therewith, are hereby approved, and the Debtor and Reorganized Debtor and the other parties thereto are authorized and directed to enter into them and to perform thereunder according to their respective terms.

23. The Reorganized Debtor shall pay the United States Trustee from the Plan Funds in Cash any outstanding sums required pursuant to 28 U.S.C. §1930(a)(6) for the periods prior to the Effective Date as provided in the Plan. On and after the Effective Date, the Reorganized Debtor shall pay the United States Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6) for post-Effective Date periods within the time period set forth in 28 U.S.C. §1930(a)(6).

24. The Debtor will file Post-Confirmation Quarterly Operating Reports in accordance with the *Instructions for Preparation of Debtor's Chapter 11 Post-Confirmation Quarterly Operating Report,* issued by the U.S. Department of Justice, Office of the United States Trustee, until entry of a final decree, conversion or dismissal of this case.

25. The findings of fact and conclusions of law set forth in the Court's ruling and herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact set forth are deemed to be conclusions of law, then such findings of fact are hereby adopted as conclusions of law. To the extent any of the conclusions of law are deemed to be findings of fact, then such conclusions of law are hereby adopted as findings of fact.

26. Except as otherwise provided, amended and/or clarified herein, the Plan and each of its provisions is confirmed, approved and effective in its entirety. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan. The provisions of the Plan and this Confirmation Order are non-severable and mutually dependant. To the extent of any inconsistency between the terms of the Plan and this Conformation Order, the terms of the Confirmation Order shall govern.

27. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, until this case is closed, this Court shall retain the fullest and most extensive jurisdiction of this case that is permitted under applicable law, including such jurisdiction necessary to ensure that the purposes and intent of the Plan are carried out. Without limiting the generality of the foregoing, after Confirmation of the Plan and until this case is closed, this Court shall retain jurisdiction to enforce the transactions contemplated under the Plan.

28. The Debtor is directed to serve a copy of this Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) and Local Rule 3020-1(b) on all creditors and parties-in-interest within fourteen (14) days of the entry of this Order, and shall promptly file proof of service. All

8

further notices to be served on creditors and parties-in-interest may be served only on the L.B.R. 1007-2 list, unless more limited notice is ordered or permitted by separate Order of the Court.

29. The Court hereby schedules a status conference in this case for January 15, 2014 at 9:30 a.m.

**DONE** and **ORDERED** in Tampa, Florida, on January 09, 2014.

_____
Michael G. Williamson
United States Bankruptcy Judge

Attorney Leon A. Williamson, Jr. is ordered to comply with the provisions of paragraph 28 of this Order.